1

2  Lawrence Wong, SBN 80852
   Edward Hung, SBN 221232
3  **WONG & ASSOCIATES**
   413 Third Street
4  Oakland, CA 94607
   Telephone:    510-451-2124
5  Facsimile:    510-451-2448

6  Attorneys for Plaintiff
7  Zai Yong Li

**FILED**

ADR    2008 JUN 18 P 26

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

8              **UNITED STATES DISTRICT COURT**

9                        **FOR THE**

10        **NORTHERN DISTRICT OF CALIFORNIA**

11  ZAI YONG LI

12                                          Case No.: C08 03011 HRL
                Plaintiffs,
13  v.                                      **COMPLAINT FOR DAMAGES AND
                                            DEMAND FOR JURY TRIAL:**
14  FAMILY HEALTH CENTER, RICHARD           1) Violation of California Labor Code
    KIM dba FAMILY HEALTH CENTER, LION         Section 1194;
15  CONSTRUCTION CORP., ANTHONY LEE,        2) Violation of California Labor Code
    ABC GLASS & MIRROR, INC., STEVE            Section 510;
16  CHUNG, and DOES 1-10                    3) Violations of the Federal Fair Labor
                                               Standards Act;
17             Defendants.                  4) Violation of California Labor Code
                                               Section 201;
18                                          5) Violation of California Business and
                                               Professions Code Section 17200; and
19                                          6) Violation of California Labor Code
                                               Section 226
20

21

22                        **NATURE OF CLAIM**

23  This is an action on behalf of Plainitff ZAI YONG LI (hereinafter referred to as "Plaintiff") who

24  had been employed by FAMILY HEALTH CENTER, RICHARD KIM dba FAMILY

    HEALTH CENTER, LION CONSTRUCTION CORP, ANTHONY LEE, ABC GLASS &
25
    MIRROR INC, and STEVE CHUNG, over the past three years prior to the filing of this
26
    Complaint, seeking damages arising from employer's failure to pay wages as required by the
27
    Fair Labor Standards Act and the California Wage Orders and Statutes. Plaintiff seeks
28
    compensatory damages for all unpaid wages under California Labor Code and Wage Orders,

    liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor

**WONG & ASSOCIATES**
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

Code § 203, damages for inadequate pay statements under California Labor Code § 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. Seq. and the pendant jurisdiction of this Court.

## PARTIES

3. At all times relevant herein, Plaintiff ZAI YONG LI is a resident of San Jose, California.

4. At all times relevant herein, Defendant FAMILY HEALTH CENTER is a spa center in Santa Clara, California.

5. At all times relevant herein, individual Defendant RICHARD KIM dba FAMILY HEALTH CENTER is an individual resident in the County of Santa Clara, California.

6. At all times relevant herein, individual Defendant LION CONSTRUCTION CORP is a general building contractor in San Jose, California.

7. At all times relevant herein, individual Defendant ANTHONY LEE is a resident in the County of Santa Clara, California.

8. At all times relevant herein, Defendant ABC GLASS & MIRROR INC is a construction company in Mountain View, California.

9. At all times relevant herein, individual Defendant STEVE CHUNG is a resident in the County of Santa Clara, California.

10. Individual Defendants RICHARD KIM and DOES 1-10, at all times relevant herein, are according to information and belief, officers, owners or employees of FAMILY HEALTH CENTER, having control over the Plaintiff's work condition and work situation.

11. Individual Defendants ANTHONY LEE and DOES 1-10, at all times relevant herein, are according to information and belief, officers, owners or employees of LION CONSTRUCTION CORP, having control over the Plaintiff's work condition and work situation.

12. Individual Defendants STEVE CHUNG and DOES 1-10, at all times relevant herein,

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

are according to information and belief, officers, owners or employees of ABC GLASS & MIRROR INC, having control over the Plaintiff's work condition and work situation.

## GENERAL ALLEGATIONS

13. At all times relevant herein, Plaintiff was an employee of defendant FAMILY HEALTH CENTER, a spa center in Santa Clara, California, RICHARD KIM, LION CONSTRUCTION CORP, a general building contractor, ANTHONY LEE, ABC GLASS & MIRROR INC, a construction company, and STEVE CHUNG [hereinafter collectively known as Defendants].

14. Plaintiff was according to information and belief, employee of Defendants acting in the normal course and scope of employment duties with Defendants as a construction worker.

15. During the course of Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

16. Plaintiff was promised payment twice during each calendar month.

17. Plaintiff did not perform "exempt" duties in Plaintiff's position with Defendants and thus was not subject to any exemption under the Fair Labor Standards Act, 29 CFR 541.112, and 541.209. The Plaintiff was not even marginally responsible for management or administrative functions, and Plaintiff's primary job did not require Plaintiff to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field or artistic endeavor more than fifty percent of Plaintiff's working time.

18. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Defendants where Plaintiff customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did Plaintiff participate in the development of general administrative policies of Defendants.

19. Individual Defendant RICHARD KIM and DOES 1 through 10, inclusive, are liable for the acts of Defendant FAMILY HEALTH CENTER. Individual Defendant ANTHONY LEE and DOES 1 through 10, inclusive, are liable for the acts of Defendant LION CONSTRUCITON CORP. Individual Defendant STEVE CHUNG and DOES 1 through 10, inclusive, are liable for the acts of Defendant ABC GLASS & MIRROR INC. Recognition of the privilege of separate of existence would promote injustice because these individual Defendants have in bad faith dominated and took advantage of Plaintiff. Plaintiff is informed and believed, and thereon alleges, that Defendants Does 1 through 10, inclusive, have:

3

COMPLAINT

a. Commingled funds and other assets of Defendants and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

b. Diverted funds and other assets of Defendants to other than construction use;

c. Failed to obtain authority to issue shares or to subscribe to issue shares of Defendants;

d. Failed to maintain minutes or adequate corporate records of Defendants FAMILY HEALTH CENTER, LION CONSTRUCTION CORP, and ABC GLASS & MIRROR INC;

e. Failed to adequately capitalize or provide any assets to Defendants FAMILY HEALTH CENTER, LION CONSTRUCTION CORP, and ABC GLASS & MIRROR INC; and

f. Diverted assets from Defendant FAMILY HEALTH CENTER, LION CONSTRUCTION CORP, and ABC GLASS & MIRROR INC to themselves to the detriment of creditors, including Plaintiff and other employees.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §1194
### FAILURE TO PROPERLY PAY REGULAR TIME WAGES

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully stated herein.

21. California Labor Code Section §204, applicable at all times relevant herein to Plaintiff employment by Defendants, provides that employees must be paid twice during each calendar month. Labor performed between the first and 15th of the month must be paid for on regular paydays between the 16th and 26th of the month; labor performed between the 16th and the end of the month must be paid for between the first and tenth day of the next month.

22. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendants' knowingly and willingly failed to pay Plaintiff for the first 8 hours a day and the first 40 hours per week as required by law.

23. California Labor Code Section §1194 provides that it is unlawful for employers not to make the required wage payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

24. Defendants therefore owe Plaintiff an approximate amount subject to proof representing all wages not properly paid to Plaintiff.

25. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

4
COMPLAINT

1    amount owed.

2        26. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor

3    Code Sections 204 and 1194 and is therefore unlawful.

4        27. Pursuant to Labor Code Section §1194(a), Plaintiff requests that the court award

5    Plaintiff reasonable attorney's fees and costs incurred by them in this action.

6        ## COUNT TWO: VIOLATION OF CA LABOR CODE SECTION §510

7        ## FAILURE TO PROPERLY PAY OVERTIME WAGES

        28. Plaintiff re-alleges and incorporates paragraphs 1-27 as if fully stated herein.

8        29. California Labor Code Section § 510, applicable at all times relevant herein to Plaintiff

9    employment by Defendants, provides that all employees are entitled to payment at the rate of

10   one and one halftimes the regular rate of pay for hours in excess of 8 in one day, or 40 hours in

11   one week, and double time for hours in excess of 12 in one day.

12       30. During the course of employment with Defendants, Plaintiff regularly worked in excess

13   of 8 hours a day and 40 hours per week, however Defendants' knowingly and willingly failed to

14   pay Plaintiff's overtime wages as required by law.

15       31. California Labor Code Section §1194 provides that it is unlawful for employers not to

16   make the required wage payments identified in the preceding paragraph and that employees not

     paid such payments can recover any monies owed by civil action.

17       32. Defendants therefore owe Plaintiff an approximate amount subject to proof representing

18   all wages not properly paid to Plaintiff.

19       33. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the

20   amount owed.

21       34. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor

     Code Sections 510 and 1194 and is therefore unlawful.

22       35. Pursuant to Labor Code Section §1194(a), Plaintiff requests that the court award

23   Plaintiff reasonable attorney's fees and costs incurred by them in this action.

24       ## COUNT THREE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

25       ## FAILURE TO PROPERLY PAY OVERTIME WAGES

26       36. Plaintiff re-alleges and incorporates paragraphs 1-35 as if fully stated herein.

27       37. At all relevant times herein, Plaintiff's employment was subject to the provisions of the

28

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

5

1

2  Fair Labor Standards Act of 1938. as amended ("FLSA"), 29 U.S.C. §201, et seq. and Plaintiff

3  was an individual employee covered by virtue of Plaintiff's direct engagement in interstate
   commerce.

4
   38. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work
5  performed in excess of forty hours per week, unless specifically exempted by the law.

6  Although Plaintiff was not so exempt during employment with FAMILY HEALTH CARE,

7  LION CONSTRUCTION CORP, and ABC GLASS & MIRROR INC, Defendants knowingly
   caused and permitted Plaintiff to regularly work in excess of forty hours per week without
8
   paying Plaintiff one and one half of Plaintiff's regular rate of pay.
9
   39. By not paying overtime wages in compliance with the FLSA, defendants violated
10 Plaintiff's rights under the FLSA.

11 40. As a direct and proximate result of Defendants' failure to pay proper wages under the

12 FLSA, Plaintiff incurred general damages in the form of lost overtime.

13 41. Defendants intentionally, with reckless disregard for their responsibilities under the

14 FLSA, and without good cause, failed to pay Plaintiff proper overtime wages, and thus
   Defendants are liable to Plaintiff for liquidated damages in an amount equal to lost overtime
15
   wages, pursuant to 29 U.S.C. §216(b) of the FLSA.
16
   42. Defendants therefore owe Plaintiff amount subject to proof representing the amount of
17 overtime not properly paid to Plaintiffs.

18 43. Plaintiff was required to retain legal assistance in order to bring this action and, as

19 such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. §216(b) of the
   FLSA.
20
                **COUNT FOUR: VIOLATION OF CA LABOR CODE SECTION §201**
21
          **FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**
22
   44. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-43 as if fully stated
23 herein.

24 45. At the time Plaintiff's employment with Defendants was terminated, Defendants owed

25 Plaintiff certain unpaid wages in amounts previously alleged.

26 46. Failure to pay wages owed at an employee's termination as required by Labor Code
   §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided
27 for in Labor Code § 203.

28 47. As of this date, Defendants have failed and refused, and continue to fail and refuse, to

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

---

6

COMPLAINT

pay the amount due, thus making Defendants liable to Plaintiff for penalties equal to thirty (30) days wages, an amount subject to proof.

48. Pursuant to Labor Code Section §218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

49. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all dues and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FIVE: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION §17200 UNFAIR BUSINESS PRACTICES

50. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-49 as if fully stated herein.

51. At all times relevant herein, Plaintiff's employment with FAMILY HEALTH CARE, LION CONSTRUCTION CORP, and ABC GALSS & MIRROR INC, was subject to the California Labor Code and applicable Wages Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid for work performed and overtime in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

52. At all times relevant herein, as the employer of Plaintiff, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §17000 et seq.), but failed to pay the Plaintiff wages as required by applicable California Labor Code and applicable Wage Orders.

53. During the period Plaintiff was employed with Defendants, Defendants failed to pay Plaintiff legally required overtime pay to which Plaintiff was legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiff.

54. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

55. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount subject to proof.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

7

56. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs wages due.

57. Plaintiff, having been illegally deprived of the wages to which Plaintiff was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount subject to proof.

## COUNT SIX: VIOLATION OF CALIFORNIA LABOR CODE SECTION §226
## INADEQUATE PAY STATEMENT

58. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-57 as if fully stated herein.

59. California Labor Code Section §226 provides that all employers shall provide to employees accurate and complete wage statements including but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address and name of the employer.

60. California Labor Code Section §226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

61. During the course of Plaintiff's employment, Defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

62. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section §226.

63. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff.

64. Plaintiff is therefore legally entitled to recover an amount subject to proof in actual damages caused by defendants' failure to provide proper records.

65. Plaintiff has incurred costs and fees in bringing this action and seek to recover such costs under California Labor Code §226.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

8

COMPLAINT

1

2
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief;
3
66. For compensatory damages per CA Labor Code §1194 for unpaid regular time wages in
4
an amount subject to proof;
5
67. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an
6
amount subject to proof;
7
68. For liquidated damages per the FLSA equal to unpaid wages in an amount subject to
proof;
8
69. For restitution of unpaid overtime pay pursuant to California Business and Professions
9
Code §17203 in an amount subject to proof;
10
70. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to
11
California Labor Code §203 in an amount subject to proof;
12
71. For pre-judgment interest of 10% on the unpaid compensation and unpaid
13
salaries pursuant to California Labor Code §1194(a) in an amount subject to proof;
14
72. For damages for inadequate pay statements pursuant to California Labor Code Section
§226 in an amount subject to proof;
15
73. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor
16
Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;
17
74. For costs of suit herein; and
18
75. For such other and further relief as the Court may deem appropriate.
19

20
Respectfully Submitted,
21
**WONG & ASSOCIATES**
22

23
Dated: June 16, 2008
24
Edward Hung Attorney for
Plaintiff Zai Yong Li
25

26

27

28

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

COMPLAINT

1

2  Lawrence Wong, SBN 80852
   Edward Hung, SBN 221232
3  **WONG & ASSOCIATES**
   413 Third Street
4  Oakland, CA 94607
   Telephone:    510-451-2124
5  Facsimile:    510-451-2448

6  Attorneys for Plaintiff
   ZAI YONG LI
7

8                    UNITED STATES DISTRICT COURT

9                              FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11  ZAI YONG LI

12                                        Case No.:
              Plaintiffs,
13  v.                                    **DEMAND FOR JURY TRIAL**

14  FAMILY HEALTH CENTER; RICHARD
    KIM dba FAMILY HEALTH CENTER; LION
15  CONSTRUCTION CORP.; ANTHONY LEE;
    ABC GLASS & MIRROR, INC; STEVE
16  CHUNG and DOES 1-10

17
              Defendants.
18

19

20  Plaintiff demands a jury trial.

21

22

23

24  Edward Hung
    WONG & ASSOCIATES
25  413 Third Street
    Oakland, CA 94607
26

27

28

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

                              10

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Zai Yong Li

## DEFENDANTS

Family Health Center, Richard Kim dba Family Health Center, Lion Construction Corp., Anthony Lee, ABC Glass & Mirror, Inc., Steve Chung and Does 1 to 10

**(b)** County of Residence of First Listed Plaintiff  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward Hung    (510) 451-2124
Wong & Associates
413 Third Street
Oakland, CA 94607

Attorney (If Known)

ADR   E-FILING

C08 03011 HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [x] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |

**PERSONAL INJURY (second column)**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | |

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
29 U.S.C. 209, et seq.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 250000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE
June 16, 2008

SIGNATURE OF ATTORNEY OF RECORD