James Kim (SB #101809) email: jkimlaw@aol.com
H. Joseph Jung (SB#184215) email: humejung@yahoo.co.kr
166 Santa Clara Ave.
Oakland, CA 94610
Tel. (510) 654-7700
Fax. 510 658 2534

Attorneys for Defendant, Family Health Center and Richard Kim dba Family Health Center

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAI YONG LI, | Case No.: C08-03011 |
| Plaintiffs, | DEFENDANT FAMILY HEALTH CENTER AND RICHARD KIM DBA FAMILY HEALTH CENTER'S ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| vs. | |
| FAMILY HEALTH CENTER, RICHARD KIM DBA FAMILIY HEALTH CENTER, LION CONSTRUCTION CORP., ANTHONY LEE, ABC GLASS & MIRROR, INC. STEVE CHUNG AND DOES 1 TO 10, | |
| Defendant. | |

DEFENDANT FAMILY HEALTH CENTER AND RICHARD KIM DBA FAMILY HEALTH

CENTER ('hereinafter "Defendant") answer the Complaint for Damages filed by plaintiff, and demand

for a jury trial as follows:

1.          Admit on information and belief allegations in paragraph 1.

2.          Admit on information and belief allegation in paragraph 2.

3.          Admit on information and belief allegation in paragraph 3.

4.          Admit on information and belief allegation in paragraph 4.

5.          Admit on information and belief allegation in paragraph 5.

6.          Cannot Admit or deny allegations in paragraph 6.

7.          Cannot admit or deny allegations in paragraph 7.

8.          Cannot admit or deny allegations in paragraph 8.

9.          Cannot admit or deny allegations in paragraph 9.

10.         Admit on information and belief allegations in paragraph 10.

11.         Admit on information and belief allegations in paragraph 11.

12.         Cannot admit or deny allegations in paragraph 12.

13.         Admit in part that plaintiff was an employee for a certain period of time and deny in part that plaintiff was an employee of Defendant at all times in paragraph 13.

14.         Admit that Plaintiff was a handy man for a certain period of time and deny on information and belief and lack of informant and belief that Plaintiff was a construction worker while employed by Defendant in paragraph 14.

15.         Admit on information and belief that Plaintiff worked over 8 hours per day on certain days and over 40 hours per week in certain weeks;  Defendant deny other allegations in paragraph 15.

16.         Deny on information and belief allegations in paragraph 16.

17.         Admit on informant and belief allegations in paragraph 17.

18.         Admit on information and belief allegations in paragraph 18.

19.         Admit that Richard Kim is liable if at all for the acts of Family Health Center; cannot admit or deny any other allegations in paragraph 19.

20.         Admitted or denied already paragraph by paragraph.

21.         Cannot admit or deny on information and belief allegations in paragraph 21.

22.         Deny on information and belief allegations in paragraph 22.

23.         Admit on information and belief allegations in paragraph 23.

24.         Deny on information and belief allegations in paragraph 24.

25.         Deny on information and belief allegations in paragraph 25.

26.         Deny on information and belief allegations in paragraph 26 as to amount.

27.         Deny on information and belief allegations in paragraph 27.

28.         Admitted or denied already paragraph by paragraph.

29.         Admitted on information and belief allegations in paragraph 29.

30.         Deny on information and belief allegations in paragraph 30.

31.         Deny on information and belief allegations in paragraph 31 as to amount.

32.         Deny on information and belief allegations in paragraph 32.

33.         Deny on information and belief allegations in paragraph 33.

34.         Deny on information and belief allegations in paragraph 34.

35.         Deny on information and belief allegations in paragraph 35.

36.      Admitted or denied already paragraph by paragraph.

37.      Deny on information and belief allegations in paragraph 37.

38.      Admit on information and belief allegations in paragraph 38.

39.      Deny on information and belief allegations in paragraph 39.

40.      Deny on information and belief allegations in paragraph 40.

41.      Deny on information and belief allegations in paragraph 41.

42.      Deny on information and belief allegations in paragraph 42.

43.      Deny on information and belief allegations in paragraph 43 in that Plaintiff could have
used services of a Labor Commissioner's office and not incur any attorney's fees. .

44.      Admitted or denied already.

45.      Cannot Admit or deny on information and belief allegations in paragraph 45.

46.      Cannot admit or deny whether Defendant is subject to penalty alleged in paragraph 46.

47.      Deny on information and belief allegations in paragraph 47.

48.      Deny on information and belief allegations in paragraph 48.

49.      Deny on information and belief allegations in paragraph 49.

50.      Admitted or denied already.

51.      Admitted on information and belief allegations in paragraph 51.

52.      Deny on information and belief allegations in paragraph 52.

53.      Deny on information and belief allegations in paragraph 53.

54.      Deny on information and belief allegations in paragraph 54.

55.      Deny on information and belief allegations in paragraph 55.

56.      Deny on information and belief allegations in paragraph 56.

57.      Deny on information and belief allegations in paragraph 57.

58.      Admitted or denied already.

59.      Admitted on information and belief allegations in paragraph 59.

60.      Admitted on information and belief allegations in paragraph 59.

61.      Deny on information and belief allegations in paragraph 61.

62.      Deny on information and belief allegations in paragraph 62.

63.      Deny on information and belief allegations in paragraph 63.

64.        Deny on information and belief allegations in paragraph 64.

65.        Deny on information and belief allegations in paragraph 65.

66.        As for the PRAYER FOR RELIEF, deny based on both information and belief and a lack of information and belief.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

67.        The Complaint (and its alleged causes of action) does not state sufficient facts to constitute a cause of action against answering Defendant.

SECOND AFFIRMATIVE DEFENSES

68.        Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence for the alleged damages.  The resulting damages, if any, were proximately caused or contributed in whole or in part by Plaintiffs' negligence.

THIRD AFFIRMATIVE DEFENSE

69.        Other persons were careless and negligent and failed to exercise reasonable and ordinary care, caution or prudence abut the matters set forth in the Complaint, and this carelessness and negligence proximately caused, in whole or in part, Plaintiffs' alleged damages, if any.

FOURTH AFFIRMATIVE DEFENSE

70.        The action filed in this case is not maintainable under the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

71.        Plaintiffs' Complaint, and each and every cause of action therein, is barred by the applicable statute of limitation.

SIXTH AFFIRMATIVE DEFENSE

72.        The alleged damages of Plaintiffs, if any, resulted from an independent, intervening cause over which this answering Defendant had no control

SEVENTH AFFIRMATIVE DEFENSE

73.        The damages, if any, complained of were caused in whole or in part by unusual, wholly natural phenomena or acts of God of unanticipated size and severity, and these phenomena or acts of God could not have been reasonably foreseen by answering Defendant, and answering Defendant could

not have reasonably prevented the results of these phenomena or acts of God.

## EIGHTH AFFIRMATIVE DEFENSE

74.         Plaintiff voluntarily consented to and participate in the acts complaints of, and she failed to mitigate her damages, and said failure proximately contributed to the events and damages alleged in Complaint.

## NINTH AFFIRMATIVE DEFENSE

75.         The answering Defendant alleges that the Complaint is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

76.         The answering Defendant alleges that Plaintiff has waived and is estoped and barred from alleging the matters set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

77.         The answering Defendant alleges that there was a failure of consideration for the contract alleged.


WHEREFORE, this answering Defendant prays judgment as follows:

1. That Plaintiffs take nothing by virtue of the Complaint on file herein, and that this action be dismissed.

2. For costs of suit therein;

3. For attorney's fees;

4. For a declaration from this Court decreeing that if this Defendant is found liable, that the degree of the responsibility and liability for the resulting damages be determined and that this answering Defendant be held liable only for that portion of the total damages in proportion to his liability for total damages; and

5. For such other and further relief as the Court may deem proper.


 DATED: _____, 2008                   _____
                                                H. JOSEPH JUNG
                                                Attorney for Defendant, Richard Kim and
                                                Family Health Center